UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GILBERT E. LEVERNE,<br>  Plaintiff,<br><br>v.<br><br>KNOX COUNTY,<br>KNOX COUNTY SHERIFF'S OFFICE, and<br>SHERIFF TIMOTHY HUTCHISON,<br>  Defendants. | No. 3:04-CV-528<br>(Phillips/Shirley) |

## MEMORANDUM AND ORDER

  Plaintiff has brought this civil rights action against Knox County, the Knox County Sheriff's Office, Sheriff Timothy Hutchison and various officers alleging excessive force, assault and battery as a result of plaintiff's arrest on August 8, 2003, for public intoxication and criminal simulation. Defendants Knox County, the Knox County Sheriff's Office and Sheriff Timothy Hutchison have moved to dismiss the action against them pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. Specifically, defendants state that (1) plaintiff's allegations are general and conclusory in nature; (2) plaintiff makes no specific personal allegations against Knox County, the Knox County Sheriff's Office and Sheriff Timothy Hutchison; (3) plaintiff's claims against Sheriff Hutchison in his official capacity are claims against Knox County; (4) there is no *respondeat superior* liability under 42 U.S.C. § 1983; and (5) the Knox County Sheriff's Office is not a suable entity.

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Along with his response in opposition to defendants' motion to dismiss, plaintiff filed an amended complaint in which he states that he was arrested by officers of the Knox County Sheriff's Office on August 8, 2003, for criminal intoxication and criminal simulation. Plaintiff remained in the custody in of Knox County until he was released on September 10, 2003. Plaintiff alleges that during the time he was incarcerated in Knox County, he received numerous beatings from Knox County officers, specifically, Officers Sands, Hill and John Doe ((Hill's partner), causing serious injuries. Plaintiff alleges that defendants Knox County and Sheriff Hutchison are liable for the actions of these officers

under the doctrine of *respondeat superior*. Plaintiff further alleges that his injuries resulted from the failure of Knox County and Sheriff Hutchison to properly train Knox County officers in the proper use of force against inmates.

Construing the complaint in a light most favorable to plaintiff and accepting all the complaint's allegations as true, plaintiff has stated a claim for excessive use of force, as well as a claim for failure to properly train its officers, against Knox County. These claims are more properly addressed on a motion for summary judgment after the parties have had an opportunity to conduct discovery. Accordingly, defendants' motion to dismiss as to Knox County will be denied. However, the court will dismiss the Knox County Sheriff's Office as a defendant, since the sheriff's office is not an entity which may be sued. *See Matthews v. Jones,* 35 F.3d 1046 (6th Cir. 1994).

Additionally, the court will dismiss Sheriff Hutchison, individually and in his official capacity, as a defendant. First, a suit against Sheriff Hutchison in his official capacity is the equivalent of a suit against the governmental entity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 68 (1989). Knox County is the proper party to address the allegations of plaintiff's complaint.

Second, as to Sheriff's Hutchison's individual liability, the Sixth Circuit has held that § 1983 liability must be based on more than *respondeat superior*, or the right to control employees. *See Hays v. Jefferson County, Ky.,* 668 F.2d 874 (6th Cir. 1982). Thus, the failure of a supervisory official to supervise, control, or train the offending individual

3

officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982); *Ketron v. Chattanooga-Hamilton Co. Hospital Auth.,* 919 F.Supp. 280, 284-85 (E.D.Tenn. 1996). As plaintiff's complaint fails to state that Sheriff Hutchison directly participated in his arrest and alleged assault, or that Sheriff Hutchison directly encouraged the use of excessive force on plaintiff, the amended complaint fails to state a claim upon which relief can be granted against Sheriff Hutchison, individually.

## Conclusion

For the reasons stated above, defendants' to dismiss the complaint herein [Doc. 10] is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion is **DENIED** as to Knox County; and defendants' motion is **GRANTED** as to Sheriff Timothy Hutchison and the Knox County Sheriff's Office. Sheriff Hutchison and the Knox County Sheriff's Office are hereby **DISMISSED** as defendants in this action.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge